**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JAMES NUGENT,
                    Appellant,

        v.

DEPARTMENT OF LABOR,
                    Agency.

DOCKET NUMBERS
AT-0752-14-0261-I-1
AT-0752-14-0726-I-1

DATE: December 1, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James Nugent, Alpharetta, Georgia, pro se.

Kristina Harrell, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision which dismissed his joined appeals of his reduction in grade and pay for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant served as a GS-14 Supervisory Manpower Development Specialist. MSPB Docket No. AT-0752-14-0261-I-1, Initial Appeal File (IAF), Tab 10 at 18. The appellant submitted a reasonable accommodation request for a reassignment to a different position in late 2012, and, after communicating with several agency officials about the parameters of his request, including the level of position for which he wished to be considered and the geographic area to be searched, the appellant applied for and received a noncompetitive appointment to a GS-13 Apprenticeship and Training Representative position outside of the reasonable accommodation process. *Id*. at 32, 34. Based on the appellant's "own review of personnel regulations," he believed he was entitled to retained pay upon his transfer to the GS-13 position, IAF, Tab 5 at 15, and, prior to accepting this position, he explained to an agency equal employment opportunity (EEO) employee that he would "attempt to independently reason with [agency] officials on pay retention as the move is due to my medical condition," *id*. at 20. Upon his transfer to the lower-graded position, the appellant's salary was reduced by approximately $6,700. IAF, Tab 10 at 35.

¶3        After accepting the Apprenticeship and Training Representative position, the appellant inquired into whether he was entitled to retained pay. *Id*. at 36-39. Although the agency initially offered conflicting statements as to whether the appellant was entitled to retained pay, IAF, Tab 6 at 4, Tab 10 at 39,[2] the agency ultimately determined that he did not qualify for pay retention, and the appellant filed the instant Board appeal alleging a reduction in pay citing 5 C.F.R. § 536.103, IAF, Tab 1.  During the course of the proceedings below, the administrative judge determined that the appellant was also alleging that he suffered an involuntary reduction in grade and pay when he accepted the GS-13 position, and he docketed the appellant's allegations as a separate appeal and joined the appeals.  IAF, Tab 20.  The administrative judge then issued an initial decision dismissing the appeals for lack of jurisdiction, finding that the appellant voluntarily accepted the GS-13 position, that the agency did not cause the appellant to accept this position by creating intolerable working conditions, and that he failed to demonstrate that he was wrongly denied pay retention under 5 C.F.R. Part 536.  ID at 11, 17.  The appellant has filed a petition for review challenging the administrative judge's conduct during the course of the hearing. Petition for Review (PFR) File, Tab 1.  The agency has not filed a response.

¶4        We have considered the appellant's arguments on review and find that they present no basis to disturb the administrative judge's initial decision.  An administrative judge has broad discretion to regulate the course of the proceedings below and to conduct hearings, and we find no error in the administrative judge's conduct. *See Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011);  5 C.F.R. § 1201.41(b).  We note, moreover, that the administrative judge's decision to docket a separate appeal based on the

---

[2] As the administrative judge properly noted, all of these statements were made after the appellant accepted the reassignment to the lower-graded position and could not have served as a basis for the appellant's decision to accept the lower-graded position.  IAF, Tab 21, Initial Decision (ID) at 4.

appellant's allegations of a possible separate appealable action is consistent with the Board's practice of not holding the pleadings and statements of pro se litigants to the same standards as applied to attorneys. *See Walters v. U.S. Postal Service*, 65 M.S.P.R. 115, 119 (1994). The administrative judge's decision thus reflects consideration of the appellant's rights and did not harm or prejudice the appellant. Additionally, to the extent the appellant's argument on review implies that the administrative judge was biased, we find no evidence in the record which could overcome the presumption of honesty and integrity which accompanies administrative adjudicators. *See Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 46 (2014).

¶5 Although the appellant does not specifically challenge the administrative judge's jurisdictional dismissal of his appeals, we have reviewed the administrative judge's initial decision and find no error warranting reversal. The record reflects that the appellant submitted a reasonable accommodation request for a reassignment to another position and that he declined to be considered either for positions below a certain level or for positions outside of his local commuting area. IAF, Tab 5 at 10-11. The record further reflects that after his "own review of personnel regulations," the appellant concluded he would be entitled to retained pay if he accepted a lower-graded position, and he voluntarily accepted the lower-graded position without any assurance or representation from the agency that he was entitled to retained pay. *Id.* at 15, 20. The Board does not have jurisdiction over voluntary reductions in grade or pay. *Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 8 (2010).

¶6 This case, moreover, is dissimilar from instances where the agency provided incorrect advice to the employee which he relied upon to his detriment in making his decision, *see, e.g.*, *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶¶ 9, 12 (2010). We find no basis to conclude that the agency's EEO official, to whom the appellant expressed his opinion, should have known that the appellant was not entitled to retained pay and had a duty to correct his misapprehension.

*See Drummonds v. Department of Veterans Affairs*, 58 M.S.P.R. 579, 584 (1993) (the agency had a duty to correct the appellant's mistaken belief contained in a letter of resignation that he could resign and simultaneously challenge a demotion). Additionally, we find no evidence in the record that the agency created intolerable working conditions such that the appellant had no choice but to accept the transfer to the lower-graded position. *See Peoples v. Department of the Navy*, 83 M.S.P.R. 216, ¶ 8 (1999); ID at 9 (explaining that the appellant only complained of general incivility).

¶7          We further agree with the administrative judge's findings that the appellant failed to nonfrivolously allege that he was wrongly denied retained pay under 5 C.F.R. Part 536 and that the agency's actions therefore did not result in an appealable reduction in pay. *See* 5 U.S.C. § 7512(4) (reduction in pay is an appealable adverse action under chapter 75); *Broderick v. Department of the Treasury*, 52 M.S.P.R. 254, 258 (1992) (the right to appeal a reduction in pay has been narrowly construed). As explained by the administrative judge, the Office of Personnel Management's (OPM's) regulations outline the limited circumstances under which an agency either must or may provide an employee with retained pay. *See* 5 C.F.R. §§ 536.301-536.302; ID at 11-13. We agree that, under the facts of this case, the appellant's acceptance of a lower-graded position falls outside of both the mandatory and permissive pay retention categories, and we find that there was no legal authority for the agency to provide the appellant with retained pay. We note, moreover, that OPM's regulations expressly preclude an agency from offering retained pay to an employee who is reduced in pay at the employee's request. *See* 5 C.F.R. § 536.102(b)(1); *see also* 5 C.F.R. § 536.103 (defining "at the employee's request" as a request "that is initiated by the employee for his or her benefit, convenience, or personal advantage"). Consistent with our decision above, we find that the appellant's voluntary acceptance of the lower-graded position also supports a finding that the appellant was reduced in pay at his request. *See* ID at 14 & n.5.

¶8      For the aforementioned reasons, we find that the administrative judge properly dismissed the appellant's appeals of his reduction in grade and pay for lack of jurisdiction.   The appellant's petition for review is DENIED and the administrative judge's initial decision is AFFIRMED.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.   You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.   *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).   If you choose to file, be very careful to file on time.   The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.   *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.   It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).   You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
William D. Spencer
Clerk of the Board

Washington, D.C.